**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

---

**REGINALD PICKETT,**

**Plaintiff,**

**v.** **Case No. 18-CV-746**

**PAUL R. VAN GRUNSVEN,**
**KAREN KOTECKI, and**
**CARMEN PICKETT,**

**Defendants.**

---

## ORDER AND RECOMMENDATION

---

Currently pending before the court is Reginald Pickett's Request to Proceed in District Court without Prepaying the Filing Fee. (ECF No. 2.) Having reviewed Pickett's request, the court concludes that he lacks the financial resources to prepay the fees and costs associated with this action. Therefore, Pickett's Request to Proceed in District Court without Prepaying the Filing Fee will be granted.

However, that determination is only half of the court's inquiry. Because the court is granting Pickett's Request to Proceed in District Court without Prepaying the Filing

Fee, the court must proceed with the second step of the analysis under 28 U.S.C. § 1915 and determine whether the complaint is legally sufficient to proceed.

Congress sought to ensure that no citizen would be denied the opportunity to commence a civil action in any court of the United States solely due to poverty. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992) (quoting *Adkins v. E. I. DuPont de Nemours & Co.*, 335 U.S. 331, 342 (1948)). However, Congress also recognized that "a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Id.* (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). In order to balance these competing concerns, before the court can allow a plaintiff to proceed in forma pauperis, the court is obligated to determine that the case (1) is not frivolous or malicious, (2) does not fail to state a claim upon which relief may be granted, and (3) does not seek monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Thus, although "a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)), a pro se complaint must meet these minimal standards before the court shall grant a plaintiff leave to proceed in forma pauperis.

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton*, 504 U.S. at 31; *Neitzke*, 490 U.S. at 325. Although factual allegations must be

weighed in favor of the plaintiff, that does not mean that the court is required to accept without question the truth of the plaintiff's allegations. *Denton*, 504 U.S. at 32. Thus, a court may dismiss a claim as frivolous if it is "clearly baseless," "fanciful," "fantastic," "delusional," "irrational," "wholly incredible," or "based on an indisputably meritless legal theory." *Id.* at 32-33. A court may not dismiss a claim as frivolous simply because "the plaintiff's allegations are unlikely." *Id.*

A claim might not be frivolous or malicious but nonetheless fail to state a claim upon which relief may be granted and therefore be subject to dismissal. In determining whether a complaint is sufficient to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii), the court applies the same well-established standards applicable to a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). *DeWalt v. Carter*, 224 F.3d 607, 611 (7th Cir. 2000).

Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Although the allegations in a complaint need not be detailed, a complaint "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks, citation, and brackets omitted). The complaint must be sufficiently

detailed "to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)) (quotation marks and ellipses omitted).

If the complaint contains well-pleaded, non-frivolous factual allegations, the court should assume the veracity of those allegations and "then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679. "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

With the standards set forth in 28 U.S.C. § 1915(e)(2) in mind, the court turns to the allegations raised in Pickett's complaint, which relates to a state court matter involving Pickett's child. Paul Van Grunsven is the judge who presided over the matter. Karen Kotecki is the appointed guardian ad litem in the matter. It is unclear what role Carmen Pickett has in this matter. Pickett alleges that Van Grunsven "violated the constitution on my rights to free speech under the code of (First Amendment)…." (ECF No. 1 at 2.) He contends Judge Van Grunsven "will not let me speak in conjunction of GAL everything she speaks judge approves …." (ECF No. 1 at 3.) Pickett alleges, "state civil procedure is not being followed by judge nor GAL in this case breaking many rules of the constitution and violateing [sic] my rights as a citizen." (ECF No. 1 at 3.) He asks that this court "thoroughly review case" and asks the judge to "follow the rules of law

and stop violating the constitution ….” (ECF No. 1 at 4.) He would like this court to order Judge Van Grunsven “to evaluate cases with primary authority and not persuasive authority.” (ECF No. 1 at 4.)

Judge Van Grunsven is entitled to absolute immunity for his judicial actions. *See Richman v. Sheahan*, 270 F.3d 430, 434 (7th Cir. 2001) (citing *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991); *Forrester v. White*, 484 U.S. 219, 225-29 (1988)). Similarly, guardians ad litem “are absolutely immune from liability for damages when they act at the court's direction.” *Cooney v. Rossiter*, 583 F.3d 967, 970 (7th Cir. 2009). “They are arms of the court, much like special masters, and deserve protection from harassment by disappointed litigants, just as judges do.” *Id.* Moreover, the complaint lacks sufficient details as to the alleged actions of Kotecki or Carmen Pickett to plausibly state any sort of claim against either.

Additionally, Pickett's complaint fails to state a claim because, in effect, he is asking a federal court to upset the order of a state court. *Cf. Johnson v. Orr*, 551 F.3d 564, 568 (7th Cir. 2008) (“To determine whether *Rooker-Feldman* bars a claim, we look beyond the four corners of the complaint to discern the actual injury claimed by the plaintiff.”). District courts lack such authority. *See, e.g.*, *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). Thus, the court lacks jurisdiction over Pickett's claims. *See Frederiksen v. City of Lockport*, 384 F.3d 437, 438 (7th Cir. 2004). Although narrow exceptions exist for certain extreme cases, *see Loubser v. Thacker*, 440 F.3d 439, 441-42 (7th

Cir. 2006), or when the federal claim is distinct from the decision of the state court, *see Johnson v. Orr*, 551 F.3d 564, 568 (7th Cir. 2008) (citing *Centres, Inc. v. Town of Brookfield, Wis.*, 148 F.3d 699, 702 (7th Cir. 1998), Pickett's complaint does not contain details sufficient to plausibly come within such an exception to the general rule that a federal civil rights lawsuit cannot be used to upset the order of a state court.

**IT IS THEREFORE ORDERED** that the plaintiff's Request to Proceed in District Court without Prepaying the Filing Fee (ECF No. 2) is **granted**.

**IT IS RECOMMENDED** that Pickett's complaint and this action be dismissed for lack of jurisdiction.

**IT IS FURTHER RECOMMENDED** that the court certify that any appeal would not be taken in good faith. *See* 28 U.S.C. § 1915(a)(3).

Your attention is directed to 28 U.S.C. § 636(b)(1)(B) and (C) and Fed. R. Civ. P. 72(b)(2) whereby written objections to any recommendation herein or part thereof may be filed within fourteen days of service of this recommendation. Failure to file a timely objection with the district court shall result in a waiver of your right to appeal.

Dated at Milwaukee, Wisconsin this 16th day of May, 2018.

William E. Duffin

WILLIAM E. DUFFIN
U.S. Magistrate Judge